UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:02-cr-266 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| ARTHUR TRUMAN FISHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION ON MOTION TO AMEND

Defendant Arthur Truman Fisher is serving a 210-month sentence, imposed by United States District Judge David W. McKeague on March 29, 2004, after defendant's conviction for violation of the Controlled Substances Act. On December 28, 2004, defendant filed a *pro se* motion to alter or amend his sentence pursuant to 28 U.S.C. § 2255, raising three grounds. Defendant has now filed a motion for leave to amend his section 2255 motion to add a Sixth Amendment claim. The proposed additional claim would assert that the court violated defendant's Sixth Amendment right to a jury trial when the court enhanced defendant's sentence under the career offender guideline, rather than submitting the issue to the jury for resolution beyond a reasonable doubt. In support of this claim, defendant seeks to rely on the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons set forth below, I conclude that defendant is not entitled to invoke *Booker* retroactively to upset his sentence on collateral review, and I therefore recommend that the motion to amend be denied as futile.

A motion to amend a section 2255 petition is governed by Rule 15 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 (application for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998); *Oleson v. United States*, No. 00-1938, 2001 WL 1631828, at * 2 (6th Cir. Dec. 14, 2001) (Rule 15 governs amendment of section 2255 motions). In considering whether to grant leave to amend under Rule 15(a), the court should consider several factors, including undue delay, bad faith, repeated failure to cure deficiencies, or futility of amendment. *Coe*, 161 F.3d at 341. Although defendant cannot be accused of undue delay in the present action, leave to amend should nevertheless be denied, as his proposed amendment would be futile. *See Oleson*, 2001 WL 1631828, at * 3-4 (affirming denial of leave to amend section 2255 petition on grounds of futility); *accord Rodriguez v. United States*, 286 F.3d 972, 980-81 (7th Cir.), *cert. denied*, 537 U.S. 938 (2002); *Peterkin v. Horn*, 988 F. Supp. 534, 541 (E.D. Pa. 1997) (denying leave to amend habeas petition on grounds of futility).

In general, a criminal defendant may not rely on new rules of criminal procedure handed down after his conviction becomes final. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 2123 (2004). In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit determined that the *Booker* decision announced a new rule of criminal procedure that cannot be invoked to upset convictions or sentences that became final before *Booker* was announced. The Court of Appeals further determined that the new rule enunciated by *Booker* did not fall within either of the two narrow exceptions to retroactivity recognized by the Supreme Court. 398 F.3d at 862-63. Consequently, under *Humphress*, a federal movant under section 2255 may not invoke *Booker* to

challenge application of the sentencing guidelines on Sixth Amendment grounds, if the movant's conviction became final before *Booker* was announced.

Defendant was sentenced on March 29, 2004. He did not take an appeal within the ten-day time period allowed by Fed. R. App. P. 4(b)(1). Defendant did file a notice of appeal on June 7, 2004, but the Court of Appeals ultimately dismissed the appeal for lack of jurisdiction, finding the appeal untimely. (*United States v. Fisher*, No. 04-1775 (6th Cir. Sept. 30, 2004)). Under Sixth Circuit authority, when a criminal defendant does not take a timely appeal to the Court of Appeals, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the Court of Appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Under this rule, defendant's conviction became final on April 12, 2004, the expiration of the ten-day period in which he could have appealed to the Court of Appeals.

*Booker* was not decided until the year 2005, many months after defendant's conviction became final. Defendant therefore is precluded from relying on *Booker* to upset his conviction. Before *Booker* was announced, the rule in this circuit was that the federal sentencing guidelines, even if mandatory, did not violate the Sixth Amendment. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*). Defendant's sentence was therefore legal when imposed and remained legal through the date upon which it became final. Defendant is precluded from challenging his conviction on the basis of *Booker* or any other decision handed down thereafter.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for leave to amend his section 2255 motion (docket # 219) be denied as futile.

Dated:   April 7, 2005                             /s/  Joseph G. Scoville
                                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).