UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:02-cr-266 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| ARTHUR TRUMAN FISHER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

Presently pending before the court is defendant's objection to a report and recommendation of the magistrate judge, recommending denial of defendant's motion for leave to supplement his pending section 2255 motion. The report and recommendation treats defendant's motion as a motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure and concludes that amendment would be futile. Defendant's objections, which this court must review *de novo*, assert that the magistrate judge should have analyzed the motion as a motion to supplement under Rule 15(d) and that the report and recommendation is substantively incorrect. On *de novo* review, the court determines that defendant's objections should be overruled.

Defendant's procedural argument concerning Rule 15(d) is mistaken. Rule 15(d) of the Federal Rules of Civil Procedure allows a party to supplement a pleading to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15(d). Plaintiff's motion does not seek to allege the existence of transactions, occurrences or events that have taken place since the date of his conviction. Rather,

his motion seeks to assert in this case a claim for relief based on the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which was released after defendant's conviction became final. Supreme Court decisions are not occurrences or events within the meaning of Rule 15(d). Defendant seeks to assert new law, not new facts. Consequently, the magistrate judge was correct in treating plaintiff's motion as a request to add a new legal theory to a section 2255 motion. Such requests are properly governed by Rule 15(a), and they are properly denied when a proposed amendment would be futile. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

The magistrate judge was also correct in determining that defendant's attempted reliance on the *Booker* decision is barred by the recent Sixth Circuit case of *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). In *Humphress*, the Sixth Circuit determined that *Booker* announced a new rule of criminal procedure that cannot be applied retroactively. As defendant's conviction became final on April 12, 2004, months before *Booker* was announced, he may not seek relief under *Booker*. Defendant's attempts to distinguish *Humphress* are unpersuasive. Likewise, defendant's invocation of *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), is unavailing. *Barnett* involved application of *Booker* on direct appeal and dictates the application of plain error review in the circumstances presented in that case. By definition, a defendant who seeks to apply *Booker* in a case on direct review before the Court of Appeals is not seeking retroactive application of *Booker*. *Barnett* has no application to section 2255 motions seeking to apply *Booker* retroactively on collateral attack. In such situations, *Humphress* supplies the governing authority and requires denial of defendant's motion. Accordingly:

IT IS ORDERED that defendant's objections to the report and recommendation of the magistrate judge (docket # 221) be and hereby are OVERRULED and that the report and recommendation (docket # 220) be and hereby is ADOPTED as the opinion of the court.

IT IS FURTHER ORDERED that defendant's motion for leave to supplement his section 2255 motion (docket # 219) be and hereby is DENIED as futile.


Dated:  May 9, 2005                         /s/   David W. McKeague
                                           David W. McKeague
                                           United States District Judge