UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        File No. 1:02-CR-266

        HON. ROBERT HOLMES BELL

ARTHUR TRUMAN FISHER, JR.,

        Defendant.
        _____/

**O P I N I O N**

This matter comes before the Court on Defendant Arthur Truman Fisher, Jr.'s motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on March 29, 2004.

**I.**

On December 22, 2003, Defendant entered a plea of guilty in this Court to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846, 841(a). On March 29, 2004, he was sentenced to 210 months in prison. At the sentencing hearing, the Court advised Defendant of his right to an appeal and further advised that the appeal, with rare exceptions, must be filed within ten days of the sentencing. The Court further advised Defendant that if he wished to have appellate counsel appointed for him, he must apply for leave to appeal in forma pauperis. The record reflects that the

Court provided Defendant's counsel with the appeal documents.  (Excerpt of Sent. Tr. at 2; Docket #222.)  Defendant did not file an appeal of his sentence.

By way of a letter to the Clerk of Court dated June 3, 2004, Defendant first expressed interest in the filing of an appeal:

> I am requesting that I be allowed a copy of my docket sheet.  I have been left without an attorney and need to know the status of my case.  In particular, if the Notice of appeal has been filed and the current rules for filing with the appeals court after a final judgment in the district court.
>
> Also, I need to know the name of the transcriber and whether I can get copies of the transcripts of all proceedings in this case.
>
> Sir, can I also found [sic] out if the Judge (Honorable McKeague) has appointed me counsel for this appeal?
>
> I appreciate the anticipated immediate response to these questions.  Thank you so very much.

(Pl. Resp. to Motion, Ex. 1; Docket #230.)  Defendant's letter was construed as a notice of appeal and forwarded to the Sixth Circuit.  Two months later, in a letter dated August 2, 2004, Defendant contacted counsel for the first time:

> DEAR ATTORNEY SAPPANOS I WAS WRITING YOU TO SEND ME A COPY OF MY PLEA HEARING TRANSCRIPT AND MY SENTENCING TRANSCRIPT[].  I WAS CALLING YOU TO TALK TO YOU ABOUT MY CASE I REALLY WANT TO, APPEAL MY CASE, SUPREME COURT JUSTICE, O" CONNER [SIC] DISSENTED IN, BLAKELY VS. WASHINGTON ABOUT FEDERAL SENTENCING GUIDELINE ENHANCEMENTS, STATEING [SIC] THAT IT IS UNCONSTITUTIONAL TO ENHANCE A SENTENCE THAT WAS NOT PROVEN BEYOND A REASONABLE DOUBT BY A JURY" . . . I WAS GIVEN ENHANCEMENTS ALSO MY SIXTH AMENDMENT RIGHTS WERE VIOLATED!!! MR. SAPPANOS CAN YOU PLEASE SEND ME A COPY OF ALL THE LETTERS THAT I SENT YOU LAST YEAR IN

2

> JANUARY 2003. PLEASE ALSO CAN YOU PLEASE GIVE ME A TIME AND DATE THAT I CAN CALL YOU A.S.A.P. I REALLY NEED TO TALK TO YOU" . . . . . . .

(Pl. Br. in Resp., Ex. 4; Docket #230.) Counsel promptly responded to Defendant's inquiry. advising that he was well aware of the decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). He further advised that, while the decision, might have some effect on Defendant's sentence, counsel had not yet researched the issue and would be reluctant to "move forward" on the issue without first being paid for his original work on the file. Counsel asked Defendant to contact his office and speak with his secretary to advise her of the time and date Defendant could call counsel to discuss the matter. (Pl. Br. in Resp., Ex. 5; Docket #230.)

Defendant again wrote to his attorney on August 14, 2004:

> DEAR MR. SAPPANOS I RECEIVED YOUR LETTER ABOUT YOUR, RESPONCE [SIC] IN REGARDS TO BLAKELY V. WASHINGTON FRIDAY, I WAS WAITING TO HEAR, BACK FROM YOU FINALLY", I NEED MY SENTENCEING [SIC] TRANSCRIPTS" &MY [SIC] PLEA HEARING TRANSCRIPTS AS SOON AS POSSIBLE" PLEASE!' ' AND I NEED A COPY OF THE LETTER THAT I WROTE YOU IN JANUARY OF 2004, PLEASE!! I REALLY WOULD LIKE FOR YOU TO HELP ME IF ALL POSSIBLE BUT MR" SAPPANOS I DON"T HAVE ALL THE FUNDS IN SUPPORT OF WHAT I OWE, YOU, AND MY FATHER AND UNCLE IS NOT HELPING ME OUT THE ONLY PERSON, I HAVE HELPING ME IS" . . SHEMEKI" IF WE CAN COM [SIC] UP WITH SOME, AGREEMENT ABOUT THE FUNDS, I CAN COME UP WITH 1,500dolars ASOF, now [sic] I TRULY WILL INSURE YOU WILL BE PAID IN FULL" I HAVE USED YOU IN THE PAST AND NEVER HAD A PROBLEM' WITH PAYMENT IN THE PAST SO PLEASE BARE [SIC] WITH ME THIS TIME PLEASE! I TRYING TO GIVE BACK SOME OF THIS TIME AND COME HOME CAN YOU PLEASE HELP ME? MR. SAPPANOS YOU WROTE THE D.A. AND THEY HAVE NOT SAID ANYTHING ABOUT MY CASE! THANKS FOR YOUR TIME AND

> SUPPORT IN THIS GRAVE MATTER I CANNOT DO EVERYTHING"
> BUT WHAT I CAN OFFER IS ALL I CAN DO"

(Pl. Resp. to Motion, Ex. 6; Docket #230.) On August 24, 2004, counsel responded as follows:

> We are in receipt of your August 14, 2004 correspondence. Please let me address the issues raised in the above-referenced correspondence.
>
> First, the office responded almost immediately to your inquiry regarding <u>Blakely</u> v. <u>Washington</u>. Further, this office does not have sentencing or pre-hearing transcripts in it's [sic] possession regarding your case.
>
> Finally, as you are aware, there is a balance on your original case with this office. We are willing to forgive the balance owed on the original case, but are not prepared to proceed with a *Blakely* motion without adequate funding. In this regard, if you can obtain a court appointed attorney, specializing in appeal work, to represent you regarding *Blakely*, we will work at no charge to assist the attorney on your behalf. It is our belief that an attorney who specializes in post-conviction work would be more beneficial to you in the long run. However, as indicated above, we would diligently assist this attorney upon request.
>
> Please call this office at your earliest convenience, as we believe it would be beneficial to speak over the telephone versus in writing.

(Pl. Resp. to Motion, Ex. 7; Docket #230.)

On September 30, 2004, the Sixth Circuit dismissed the appeal for lack of jurisdiction, as it was not timely filed (Docket #175). Defendant filed the instant motion to vacate, set aside, or correct sentence on December 28, 2004.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

4

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145

F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

6

### III.

The files and records in this case conclusively show that Defendant is not entitled to relief. Defendant raises four grounds for relief: (1) defense counsel was ineffective in failing to file a notice of appeal when specifically asked to do so by Defendant; (2) counsel was ineffective in failing to file pretrial motions; (3) counsel was ineffective in advising Defendant to plead guilty; and (4) the sentence imposed by the Court violated the Sixth Amendment as it was based in part on a finding by the Court that Defendant was a career offender.

As previously noted, Defendant's three claims of ineffective assistance of counsel are not procedurally defaulted and may be considered by the Court in this post-conviction motion. *Bousley*, 523 U.S. at 622. Defendant's remaining Sixth Amendment claim is defaulted because he failed to raise it on direct appeal. As a result, in order for the Court to consider the claim, Defendant first must demonstrate either cause for the default and actual prejudice or that he is actually innocent. *Id.*

To show cause excusing a procedural default, a defendant must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, a defendant must demonstrate an error that worked to his actual and substantial disadvantage.

*Frady*, 456 U.S. at 170. Failure to show one or the other will preclude review of his claim. *See Engel v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

As cause for his procedural default, Defendant asserts that he was deprived of the effective assistance of counsel when counsel failed to file a timely appeal of right. Attorney error may constitute cause excusing a procedural default if the error amounts to the ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As a consequence, in determining Defendant's claim that counsel was ineffective in failing to file an appeal, the Court also will resolve whether Defendant's Sixth Amendment claim may be reviewed notwithstanding the procedural default.

To establish a claim of ineffective assistance of counsel, Defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or

8

omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

### A. <u>Failure to File Appeal</u>

Defendant alleges that trial counsel was ineffective in failing to file a notice of appeal as Defendant specifically requested. In the context of an attorney's alleged failure to appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal after being specifically instructed to file, he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). However, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega*, 528 U.S. at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly

9

instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

On the record evidence, Defendant's claim that he requested counsel to file an appeal is patently unsupported. The Court clearly and unequivocally advised Defendant on the record that any appeal would need to be filed within ten days. Defendant's June 3, 2004 letter strongly suggests that Defendant was making an initial inquiry; it does not imply that Defendant expected to find an ongoing appeal. Instead, Defendant asks about the procedures for filing an appeal and for obtaining transcripts of the underlying proceedings. In addition, in his inquiry about the appointment of counsel, Defendant suggests that he was fully aware that his trial counsel was not representing him on appeal.

Further, in his first letter to counsel of August 2, 2004, Defendant told counsel that he wanted to talk with him about appealing his case on the basis of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), a case that was not issued until June 24, 2004, well after Defendant's conviction was final. The letter also asks for copies of certain letters and any transcripts counsel may have. At no point does Defendant state or imply that he expected an appeal

10

already had been filed. (Pl. Resp. to Motion, Ex. 4.) Further, in his second letter to counsel, he advises his trial attorney that he would like to have the attorney represent him on a challenge raising the *Blakely* claim, but that he is unable to raise the funds he would like. He at no point suggests that he previously asked counsel to file an appeal. (Pl. Resp. to Motion, Ex. 6.)

Further, the promptness with which counsel responded to Defendant's letters strongly supports defense counsel's averment that "the line of communication between myself and Mr. Fisher was always open." (Pl. Resp. to Motion, Ex. 3.) Indeed, during the intervening months between sentencing and Defendant's first correspondence, Defendant's attorney continued to work in Defendant's interest, urging the government to consider filing a motion to reduce sentence under FED. R. CRIM. P. 35. (Pl. Resp. to Motion, Ex. 8.)

Taken together, the record strongly contradicts Defendant's vague claim that he advised his attorney that he would like to file an appeal, but "[c]ounsel never gave affiant any indication that this request would be acknowledged." The Court therefore concludes that no hearing is required on this claim. *See Arredondo*, 178 F.3d at 782 (no evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact") (internal quotations omitted).

Defendant's first claim of ineffective assistance of counsel therefore is without merit. In addition, because Defendant cannot demonstrate that counsel was ineffective in failing to

11

file an appeal, he also fails to demonstrate cause excusing the procedural default of his Sixth Amendment claim.[1]

B. <u>Failure to File Pretrial Motions</u>

In his second claim of attorney error, Defendant contends that counsel was ineffective in failing to make pretrial motions. Defendant's claim is limited to a bare allegation with no supporting argument or facts. In fact, Defendant does not identify a single motion he believes competent counsel should have filed.

---

[1]The Court notes that, even were Defendant's Sixth Amendment claim not procedurally defaulted, it would be without merit. Defendant seeks retroactive application of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and *Blakely*, 124 S. Ct. 2531. In *Booker*, the Supreme Court extended the reasoning of *Blakely* and found the mandatory federal Sentencing Guidelines to be unconstitutional. However, in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit concluded that *Booker* did not apply retroactively on collateral review to cases already final on direct review. *Id.* at 863. The Sixth Circuit previously had held that *Blakely* did not apply to the federal Sentencing Guidelines. *Id.* at 861 (citing *United States v. Koch*, 383 F.3d 466 (6th Cir. 2004)). Moreover, *Blakely* itself was presaged by *Apprendi*, 530 U.S. 466 (2000), where the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 489 (emphasis added). After *Apprendi*, the Sixth Circuit consistently held that the case applied only where the judicial sentencing finding increases the penalty beyond the prescribed statutory maximum and did not apply to the Guidelines. *See, e.g., United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002); *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001); *see also United States v. DeJohn*, 368 F.3d 533, 546 (6th Cir. 2004); *United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *United States v. Solorio*, 337 F.3d 580, 597 (6th Cir. 2003).

The Court sentenced Defendant on March 31, 2004, and his ten-day period for filing an appeal expired on April 14, 2004. His case therefore was final on April 14, 2004. The Supreme Court did not decide *Blakely* until June 24, 2004. It did not enter its opinion in *Booker* until January 12, 2005. As a result, Defendant would not have been entitled to the benefit of either decision.

Defendant has utterly failed to meet his burden to demonstrate that counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. Defendant further has failed how the absence of any such motion could have prejudiced his case or influenced his decision to plead guilty. *Id.* at 691.

Further, as the government points out, the record is devoid of any basis upon which reasonable counsel would have filed a pretrial motion. Although multiple searches were executed in the case, those searches were conducted at the homes of Defendant's co-conspirators. Defendant therefore had no standing to challenge the searches, and a pretrial motion would have been frivolous. *See United States v. Padilla*, 508 U.S. 77 (1993). An attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *A.M. v. Butler*, 360 F.3d 787, 795 (7th Cir. 2004); *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990); *United States v. Wright*, 573 F.2d 681, 684 (1st Cir. 1978). The Court is unable even to speculate about other possible challenges. Defendant therefore has failed to meet his burden to overcome the strong presumption that counsel's performance was within the broad range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

C.   Advice to Plead Guilty

In his final claim of attorney error, Defendant asserts that counsel was ineffective in advising him to plead guilty. Again, Defendant has done no more than make the barest allegation that the advice to plead guilty was an error of constitutional dimension.

It is apparent from the record that Defendant benefitted greatly by pleading guilty. First, by the time of Defendant's arrest, three of his co-defendants already had pleaded guilty and had agreed to cooperate by testifying against Defendant. Their proposed testimony was corroborative of substantial other evidence of Defendant's guilt. As a result, the evidence the government was prepared to bring to trial was extremely strong.

Second, by pleading guilty, Defendant obtained a three-level reduction to his offense category for timely acceptance of responsibility. Third, based on his proffered evidence to the government, defense counsel was able to negotiate a two-level downward departure for cooperation under U.S.S.G. § 5K1.1. Defendant therefore was able to reduce his guideline level by five levels, resulting in the reduction of Defendant's sentence from a minimum of 30 years to an actual 18½ years. Counsel also diligently pursued a government motion to reduce sentence under FED. R. CRIM. P. 35. Given these factors, as well as Defendant's substantial criminal history and his classification as a career offender, counsel's advice to enter into a plea agreement was extremely reasonable.

**IV.**

The files and records in this case conclusively show that the Defendant is entitled to no relief under § 2255.  Accordingly no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:     November 2, 2005             /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE